UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ED MERRITT,

                                    Plaintiff,

v.                                                          Index No.

VALVETECH, INC.

                                    Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. PRELIMINARY STATEMENT**

1. This arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000E, et. seq. ("Title VII"), Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), for discrimination based on disability and retaliation.

**II. JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e5, and 28 U.S.C. §§ 1331 and 1343

3. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 139J(b) in that the Plaintiff lives in the Western District of New York, the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

**III. PARTIES**

4. That the Plaintiff resides in Stanley, New York.

5. The Defendant ValveTech, Inc. (hereinafter "ValveTech") is corporation existing under the laws of the State of New York.

6. That from approximately 2019 through July 19, 2023, Plaintiff was an employee of Defendant ValveTech.

7.  ValveTech is an "employer" under Title VII and Title I of the ADA as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8.  At all relevant times herein, Defendant ValveTech exercised control over the Plaintiff.

9.  At all relevant times herein, Plaintiff took direction from Defendant ValveTech

10. At all relevant times herein Defendant ValveTech and its' agents, made the decisions which led to the violations of the Plaintiff's rights under Title VII and Title I of the ADA.

## IV. PREREQUISITES TO CLAIMS UNDER TITLE VII AND TITLE I OF THE ADA

11. That in or about November 30, 2023,  Plaintiff submitted a completed and signed intake questionnaire form to the Equal Employment Opportunity Commission ("EEOC") together with a narrative summary he had prepared of the discrimination and harassment she suffered while in the employ of the Defendant as is more fully detailed in this complaint to the EEOC in Buffalo, New York.

12. On or about March 27, 2025, the EEOC uploaded to their website Plaintiff's "Right to Sue" letter advising her of the completion of the prerequisites to suit. A copy of the "Right to Sue" letter is annexed hereto as Exhibit A.

## V. FACTS

13. In 2019,Plaintiff was employed with the Defendant as a project engineer and program manager.

14. In or about May of 2021, Plaintiff was diagnosed with cancer and had to resign from his position.

15. After seeking medical treatment, Plaintiff was re-hired by the Defendant in the spring of 2022.

16.  At that time, Plaintiff work schedule was 9am to 5pm on Monday to Thursday and 8am to noon on Friday.

17. In the spring of 2023, Plaintiff's work hours shifted to a four-day work week with hours of 8am to 5pm on Monday through Thursday.

18. At that time, Plaintiff requested if he could still work from Monday through Thursday from 9am to 5pm as his cancer had re-surfaced.

19. Plaintiff requested this work schedule to accommodate his treatment for his cancer.

20. Defendant initially approved the Plaintiff's accommodation request but on July 19, 2023, he received an email from his boss, Erin Faville to come to her office for a meeting to discuss his accommodation request.

21. At this meeting, Ms. Faville asked how Plaintiff was doing and Plaintiff responded that he was going to have to undergo chemotherapy treatment and explained to her that the anticipated schedule for the treatment would be once a week for every three weeks for a duration of eighteen weeks, culminating in six total treatments.

22. In response, Ms. Faville told Plaintiff that they need an engineer to be available and that they were going to have to get someone else through a headhunter as they could not afford him and this new person

23. Ms. Faville then stated that she was going to have to let Plaintiff go. Upon terminating the Plaintiff, Ms. Faville told him to go get better and come back in six months.

24. That shortly after Plaintiff was terminated, he inquired with Ms. Faville if he was going to receive compensation for the approximate 34 hours of vacation time he had accrued.

25. Ms. Faville responded that Defendant was not going to pay Plaintiff for any accrued vacation time as they had done enough for him already.

26. By reason of the foregoing, Defendant has violated Plaintiff's rights pursuant to Title VII and Title I of the ADA in that the Plaintiff was discriminated against due to his disability.

27. That Plaintiff was subjected to discriminatory conduct by the Defendant that created an offensive work environment on the basis of his disability.

28. Defendant's employees were in positions to adversely affect the terms, conditions and privileges of Plaintiff's employment.

29. That Defendant failed to provide any reasonable accommodations to the Plaintiff that would allow his to perform his job.

30. In the alternative, Defendant failed to provide Plaintiff with the opportunity to perform a different job or task of which said position was presently available at the time of Plaintiff's injury that compensated Plaintiff at the same rate of pay as the Plaintiff's positon.

31. As a result of Defendant's actions, Plaintiff experienced loss of income, other monetary loss, fear, anxiety, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for

(a) Actual damages;

(b) Compensatory damages,

(c) Punitive damages;

(d) Costs, disbursements and reasonable attorney's fees;

(e) For such other and further relief as may be just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues in this action.

Dated: June 25, 2025

/s/Seth J. Andrews _____
Seth J. Andrews, Esq.
The Andrews Firm
43 Court St., Suite 810
Buffalo, NY 14202
716-906-8685
sandrews@theandrewsfirm.com

4