UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ED MERRITT,

                Plaintiff,

v.

                                                      Case No.: 6:25-cv-06338 (MAV)

VALVETECH, INC.,

                Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT**

                                                **PULLANO & FARROW**

                                                *Spencer Ash*

By:                                           _____
                                              Spencer Ash, Esq.
                                              ***Attorneys for Defendant***
                                              401 Main Street
                                              East Rochester, New York 14445
                                              Tel: 585-730-4773
                                              Fax: 888-971-3736
                                              sash@lawpf.com

# **TABLE OF CONTENT**

TABLE OF AUTHORITIES………………………………………..……………………….iii

PRELIMINARY STATEMENT……………………………………………………………1

ARGUMENT…………………………………………………………………………………1

    I.    PLAINTIFF'S COMPLAINT IS UNTIMELY AND UNDER THE 90-DAY REQUIREMENT...............................................................................1

        A.    ELECTRONIC EEOC NOTICES PROVIDE REAL-TIME RECIEPT.................................................................................2

    II.    PLAINTIFF HAS FAILED TO EFFECTUATE PROPOER SERVICE OF PROCESS................................................................................3

CONCLUSION........................................................................................4

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

*Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 (1984)…………….1

*Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)………………………………………………………………………………….4

*Ebbert v. DaimlerChrysler Corp.,* 319 F.3d 103, 108 (3d Cir. 2003)………………..2

*Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)………2

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 285 (2d Cir. 2006)………………………..4

*Luo v. Baldwin Union Free Sch. Dist.*, No. 12-cv-3073, 2013 WL 1182230, at *5 (E.D.N.Y. Mar. 21, 2013)……………………………………………………………………...….2

*Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525–26 (2d Cir. 1996)…………..….2,3

*Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37–38 (2d Cir. 2011)…2


**Statutes**                                                                                                        **Page**

CPLR 311(a)(1)…………………………………………………………………….3
FRCP Rule 12(b)(6) ………………………………………………………………… 1
FRCP Rule 12(b)(5) ………………………………………………………………..1,3,4
FRCP Rule 6(a)(1)……………………………………………………………………3
Title VII, 42 U.S.C  § 2000e-5(f)(1)……………………………………………………..1

**PRELIMINARY STATEMENT**

This memorandum of law is submitted on behalf of Defendant, ValveTech, Inc., ("ValveTech") in support of its motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5). Plaintiff's Title VII and ADA claims are untimely under the statutory ninety-day filing period that begins upon receipt of the EEOC's Right-to-Sue letter. The EEOC issued Plaintiff's Notice of Right to Sue on March 27, 2025. Under the EEOC's own rules and the prevailing case law, receipt occurred that same day via electronic portal and email notification. Plaintiff filed his Complaint on June 25, 2025—exactly the ninetieth day—and offers no evidence of later receipt. Under Supreme Court and Second Circuit precedent, the ninety-day deadline is strictly construed. Any filing even one day late is fatal. Separately, Plaintiff has failed to demonstrate proper service of process under Rule 4, as the proof of service is blank and unexecuted and there is no evidence of service on an authorized agent.

**ARGUMENT**

**I. PLAINTIFF'S COMPLAINT IS UNTIMELY UNDER THE 90-DAY REQUIREMENT**

Title VII, 42 U.S.C. § 2000e-5(f)(1), provides that a claimant must bring a civil action within ninety (90) days of receiving a Notice of Right to Sue from the EEOC. The ADA incorporates this provision through 42 U.S.C. § 12117(a). This ninety-day requirement functions as a statute of limitations. See *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 (1984) (per curiam) (affirming dismissal where complaint was filed one day late). The Supreme Court has made clear that the ninety-day period is strictly enforced and is not subject to extension absent equitable tolling.

1

The Second Circuit similarly enforces the ninety-day period strictly. See *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996) (applying a presumption of receipt three days after mailing and affirming dismissal as untimely). In *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984), the Court held that the burden is on the plaintiff to prove that the action was timely commenced. Failure to commence within ninety days requires dismissal.

A.  **Electronic EEOC Notices Provide Real-Time Receipt**

Since 2017, the EEOC has issued Right-to-Sue letters electronically through its Public Portal. When a Notice of Right to Sue is uploaded, the EEOC simultaneously sends an email to the charging party and counsel notifying them that the notice is available. The notice itself typically states that 'receipt generally occurs on the date that you (or your representative) view this document.' Courts have held that this constitutes actual receipt when the notice is posted or when the email is sent. In *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37–38 (2d Cir. 2011), the Second Circuit reaffirmed that the ninety-day period begins to run upon actual receipt, not the date the plaintiff chooses to review the letter. See also *Luo v. Baldwin Union Free Sch. Dist.*, No. 12-cv-3073, 2013 WL 1182230, at *5 (E.D.N.Y. Mar. 21, 2013) (holding that plaintiff's receipt of EEOC email notification triggered the ninety-day period). Other circuits have similarly treated EEOC portal posting as receipt. See, e.g., *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003).

The policy rationale for treating portal posting and email as receipt is straightforward: the EEOC electronic system provides real-time notice and eliminates

2

mailing delays. Plaintiffs cannot toll the statute by simply delaying when they choose to view the notice.

Here, the EEOC issued Plaintiff's Notice of Right to Sue on March 27, 2025. Under Federal Rule of Civil Procedure 6(a)(1), the day of the triggering event (receipt) is excluded, and counting begins the following day. Thus, if Plaintiff received the Notice on March 27, 2025, Day 1 was March 28, 2025, and the 90th day fell on June 25, 2025—making a June 25 filing timely.

If, however, Plaintiff actually received the Notice before March 27 (e.g., March 26) or cannot establish March 27 as the date of receipt, then the 90th day would have fallen earlier than June 25, and the action would be untimely. Plaintiff bears the burden to establish timely filing. See *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996).

## II. PLAINTIFF HAS FAILED TO EFFECTUATE PROPER SERVICE OF PROCESS

Even if the Complaint were timely, it should be dismissed under Fed. R. Civ. P. 12(b)(5) because Plaintiff has not shown proper service. Rule 4(h) requires service on a corporation by delivering the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or by law. Alternatively, service may be made in the manner prescribed by state law. CPLR 311(a)(1) requires delivery to an officer, director, managing or general agent, cashier, assistant cashier, or other agent authorized by appointment or law to receive service.

The purported proof of service in this case is blank and unexecuted. There is no affidavit identifying who was served, when, or how. There is no evidence that service was

made on ValveTech's registered agent or an officer as required by Rule 4(h) and CPLR 311(a)(1). Service on September 15, 2025, if made at all, occurred within the 90-day Rule 4(m) period, but timeliness does not cure insufficiency. Where service is defective, dismissal or quashing is appropriate. See *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 285 (2d Cir. 2006); *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

## CONCLUSION

For the foregoing reasons, Defendant ValveTech, Inc. respectfully requests that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as untimely and/or Fed. R. Civ. P. 12(b)(5) for insufficient service of process, or, in the alternative, direct Plaintiff to file a sworn declaration establishing the date of receipt of the EEOC Notice and proper proof of service, and grant such other and further relief as the Court deems just and proper.